**UNITED STATES of America**

v.

**Carlos Gustavo BARAHONA**

**No. 93 CR. 232(MGC).**

United States District Court,
S.D. New York.

Feb. 26, 2001.

———

John M. Desmarais, Otto G. Obermaier, U.S. Attorney, New York City, for U.S.

### MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

Carlos Gustavo Barahona was sentenced to 124 months imprisonment on June 20, 1996 after a jury had found him guilty of conspiracy to possess and possession with intent to distribute large quantities of co-caine. The Court of Appeals affirmed the conviction and sentence on May 23, 1997. Barahona now moves for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that his in-prison rehabilitation after conviction and sentence entitles him to a downward departure.

The general rule set forth in 18 U.S.C. § 3582(c) is that a "court may not modify a term of imprisonment once it has been imposed." One of the exceptions to that rule allows the court to modify a sentence when the sentencing range upon which the sentence was based "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In an effort to bring himself within that exception, Barahona contends that an amendment ("Amendment 585") to the Commentary following Section 5K2.0 of the Sentencing Commission Guidelines Manual "lowered" the sentencing range. Neither Amendment 585 nor any other language in the Commentary following Section 5K2.0 establishes or lowers a sentencing range. Amendment 585 merely incorporates language from the Supreme Court's decision in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), which reflects the prevailing law on downward departures. Accordingly, the general rule of 18 U.S.C. § 3582(c) applies, and post-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed. *See United States v. Santiago*, 2000 WL 760743 (D.Me. Mar. 21, 2000).

Based on the foregoing, Barahona's motion for a downward departure pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.