Dennis Jose GUERRERO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 97 CIV. 2938(MGC).

United States District Court, S.D. New York.

July 9, 2001.

Dennis Jose Guerrero, White Deer, PA, pro se.

## MEMORANDUM OPINION

CEDARBAUM, District Judge.

Petitioner Dennis Jose Guerrero has moved to challenge his sentence pursuant to 28 U.S.C. § 2255. He argues that his sentence was based on a quantity of cocaine for which he should not have been held responsible. He has also moved for a downward departure based on post-conviction rehabilitation. Since the government has failed to address the merits despite numerous extensions of time, I am ruling on the motions without the benefit of opposition papers from the government.

## BACKGROUND

Petitioner was arrested on May 15, 1990, after attempting to buy nearly $720,000 worth of cocaine from an undercover agent. He pleaded guilty, pursuant to a plea agreement in which he agreed to a sentence based on 100 kilograms of cocaine and the government agreed not to oppose a reduction for acceptance of responsibility, to one count of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846.

On November 13, 1991, Guerrero was sentenced to 121 months imprisonment and four years of supervised release. The pre-sentence report charged petitioner with a base offense level of 36 for a quantity of at least 50 kilograms but less than 150 kilograms of cocaine. U.S. Sentencing Guidelines Manual § 2D1.1(c) (1991). In the pre-sentence report, the base level was increased two levels for possession of a firearm during the commission of the crime. *Id.*, § 2D1.1(b)(1). Petitioner did not object to the quantity of cocaine at

sentencing. Petitioner's total offense level was reduced by two levels for acceptance of responsibility. *Id.,* 3E1.1. At sentencing, I sustained petitioner's objection to the 2 level enhancement for possession of a firearm, and further reduced the total offense level by two additional levels because petitioner was a minor participant in the criminal activity. *Id.,* § 3B1.2(b). This total offense level of 32 resulted in a sentencing range of 121 to 151 months imprisonment and 4 to 5 years of supervised release. The sentence I imposed was at the bottom of the range. Petitioner did not appeal the sentence.

## DISCUSSION

### The Quantity of Cocaine

Petitioner now contends that the sentence was based on a quantity of cocaine for which he should not be held responsible. Section 1B1.3(a)(1)(B) of the Sentencing Guidelines, which describes the "relevant conduct" for which a defendant may be sentenced, was amended on November 1, 1992 to include, in the context of jointly undertaken criminal activity, only the acts and omissions of others in furtherance of the criminal activity that were "reasonably foreseeable" to the defendant. Petitioner argues that the $720,000 in his possession when he was arrested could only have bought 41 kilograms of cocaine at the $17,500 price per kilogram set by the agent, and therefore he could not reasonably have foreseen the purchase of a greater quantity of cocaine. Forty-one kilograms of cocaine would have resulted in a base offense level of 34. *Id.,* § 2D1.1(c). After the reductions for acceptance of responsibility and minor participation, his total offense level would have been 30, resulting in a sentencing range of 97 to 121 months.

At the time of sentencing, the mandatory minimum sentence provided by statute for conspiracy to distribute more than 5 kilograms of cocaine was ten years imprisonment. 21 U.S.C. § 841(b)(1)(A) (1988); *id.* § 846 (providing that the penalties for conspiracy to commit a drug offense shall be the same as for the predicate offense); *see United States v. Campuzano,* 905 F.2d 677, 679 (2d Cir.1990). Given the mandatory minimum, the lowest possible sentence, even assuming the lower sentencing range for which petitioner argues, would have been 120 months.

 In any event, petitioner's failure to raise the issue on appeal precludes collateral review. Unless petitioner can show that "there was cause for failing to raise the issue, and prejudice resulted therefrom," he is procedurally barred from raising the issue now. *United States v. Pipitone,* 67 F.3d 34, 38 (2d Cir.1995). Petitioner argues that the post-sentence amendment to § 1B1.3 provides cause for his failure to appeal, but this argument is unavailing. A petitioner may demonstrate cause by showing that the legal basis for the claim was not "reasonably available" to counsel at the time of the default. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). However, Application Note 1 to § 1B1.3, in effect at the time of sentencing, states that only "conduct of others in furtherance of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant" should be used in calculating the defendant's offense level. The 1992 amendment to § 1B1.3 merely moved the limiting language from the commentary to the text. Moreover, the case on which petitioner principally relies, *United States v. Miranda–Ortiz,* 926 F.2d 172 (2d Cir.1991), was decided nine months before his sentencing and more than a year before § 1B1.3 was amended. In *Miranda–Ortiz,* the Second Circuit, citing the language of Application Note 1 to

§ 1B1.3, held that cocaine distributed by the defendant's coconspirators before he joined the conspiracy could not be included under § 1B1.3 in the absence of evidence that the defendant knew or reasonably should have known about the earlier sales. *Id.* at 178. Because the legal basis for petitioner's claim was reasonably available at the time of the default, the post-sentencing amendment of § 1B1.3 does not provide cause for the default.

 Petitioner also argues that ineffective assistance of his trial counsel provides cause for the default. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's representation fell below constitutionally acceptable standards; and (2) there is a reasonable likelihood that, but for the allegedly deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In petitioner's plea agreement, he agreed to a sentence based on 100 kilograms of cocaine. From the pre-sentence report it appears the undercover agent was prepared to testify that the $720,000 payment that petitioner attempted to make on May 15, 1990 was the down payment for a much larger purchase of cocaine negotiated by the agent and Rafael Plinio Tejada–Mejia, Guerrero's accomplice. In addition, according to the pre-sentence report, mobile phone records show 30 to 35 calls between petitioner and Tejada–Mejia on May 15, 1990. In light of this information, it is not reasonably likely that petitioner would have been sentenced on the basis of a smaller quantity of cocaine had his attorney objected to the amount at sentencing. Accordingly, petitioner's claim of ineffective assistance of counsel fails.

### Post–Conviction Rehabilitation

 Petitioner has also made a "Supplemental Motion For Downward Departure Based On Petitioner's Post–Offense Rehabilitation," in which he seeks a reduction of his sentence on the basis of in-prison rehabilitation after conviction and sentencing. While petitioner does not identify the statutory authority for the motion, modification of a sentence already imposed is ordinarily sought under 18 U.S.C. § 3582(c). That provision allows a defendant to move for a reduction of his sentence when he was sentenced on the basis of a sentencing range that has been subsequently lowered by the Sentencing Commission. Under § 3582(c), however, "post-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed." *United States v. Barahona,* 132 F.Supp.2d 255 (S.D.N.Y.2001).

For the foregoing reasons, petitioner's motions are denied.

SO ORDERED.